IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ANNA K. MARTIN, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>OLD GTS, INC., d/b/a Gainey :<br>Transportation Services, Inc., :<br>*et al.*, :<br>:<br>Defendants. : | CIVIL ACTION NO.<br>2:12-CV-00060-RWS |

## **ORDER**

This case is before the Court for consideration of Defendants' Motion for Judgment on the Pleadings [20]. Plaintiff has failed to file a response to the Motion. Therefore, it is deemed unopposed. After reviewing the record, the Court enters the following Order.

**1. Legal Standard**

After the pleadings are closed but within such time as not to delay trial, a party may file a motion for judgment on the pleadings. FED. R. CIV. P. 12(c); see Conner v. Tate, 130 F. Supp. 2d 1370, 1373 (N.D. Ga. 2001). Judgment on the pleadings is appropriate only when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. Ortega v. Christian, 85 F.3d

AO 72A
(Rev.8/82)

1521, 1524 (11th Cir. 1996). A court considers only the substance of the pleadings and any judicially noticed facts, and the court accepts the facts as set forth in the pleadings as true and views them in the light most favorable to the nonmoving party. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).

**2.     Background of Case**

On February 26, 2009, Larry Brogan ("Brogan") was driving a truck owned and operated by Gainey Transportation Services, Inc. ("Gainey"). While operating the vehicle, Brogan's vehicle collided with Plaintiff's tractor-trailer. Nearly two (2) years after the incident, Plaintiff sued Brogan, his employer, Gainey, and ACE USA, Inc., who was the alleged insurer of the truck operated by Brogan at the time of the accident.

The lawsuit was subsequently dismissed, without prejudice, in October 2011. On March 16, 2012, Plaintiff re-filed this action against Defendant Gainey and Ace American Insurance Company ("Ace"), pursuant to the Georgia renewal statute, O.C.G.A. § 9-2-61. In the re-filed Complaint, Plaintiff asserts causes of action against Defendant Gainey for negligent hiring, training, and supervision, which were not asserted in the original action. In the original

2

Complaint, Plaintiff only asserted a claim for negligence.

### 3. Discussion

When a re-filed action is filed outside the applicable statute of limitations for the claims asserted, "the new petition must be substantially the same both as to the cause of action and as to the essential parties." Safi-Rafiq v. Balasubramaniam, 298 Ga. App. 274, 275 (2009). The renewal statute does not permit a plaintiff to assert a cause of action in the renewal petition that is based on a different theory of recovery from the claims asserted in a plaintiff's original petition. Id. at 276.

Because Plaintiff did not assert claims of negligent hiring, training, and supervision in the original action, Plaintiff is barred from proceeding on those claims in this action. Therefore, Defendant's Motion [20] is hereby **GRANTED**. Defendants are granted judgment on the pleadings as to Plaintiff's claims of negligent hiring, training and supervision.

**SO ORDERED**, this  26th  day of June, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

3

AO 72A
(Rev.8/82)